Mr. McClennahan. Thank you, Your Honors. May it please the Court, I am Joe McClennahan. I'm here to order, perfectly, to argue on behalf of Plaintiff Harold Nutila. I apologize if I step over my words. I have a tongue injury. It's making it hard to talk sometimes. This is a fairly straightforward case, as you can tell from the simplicity of the briefing, at least on the appellant's side. This is a case where you have a plaintiff, an appellant, who is trying to get information that he can share about the way that FAA trains and evaluates its air traffic controllers, which I think we would all agree is a very important thing. I thank air traffic controllers for making it possible for me to be here today. He filed, after going through the program and learning several problems with the system that he then filed complaints about, both for retaliation and for EEO discrimination, he filed some FOIA requests to get more information about the system that Congress had deemed so important that they put in law that some of the things had to be disclosed. And in response, rather than process his requests properly and then defend them properly, the FAA took the tack of leaning on this Court's 1994 precedent in Goldgar to say that the Court didn't even have subject matter jurisdiction to hear these challenges. Challenges to whether or not they did a proper search. Challenges to whether or not they properly refused to process one of his requests. A challenge to the legality of their fee assessment. I mean, is the claim that they didn't search at all or that it was inadequate or that they just didn't try or that they missed some things, and explain to us what, I understand it was a pro se complaint, so maybe it wasn't as well drafted possibly as it could have been, but we give a lot of deference to that anyway. So just summarize, what's the complaint really about? So there were a variety of parts to the complaint. We didn't appeal all of the rulings of the district court, so we're going to focus on five of the requests. And what happened in those five requests boils down to three different types of reactions. Two where he objected to the search. Two where he was saying that they did not do an adequate search. Two where they just refused to process it. They said this is not a proper request, it does not reasonably describe the record, it's unduly burdensome, et cetera. And one where they assessed a fee and he said you can't charge me that fee because you missed your deadline, that was in the FOIA amendment. And they refused to back down, and so it went to court. All five of these, coming into three categories, are things that courts routinely have subject matter jurisdictions for. And I understand that the Fifth Circuit is a little bit different than a lot of the other circuits with this Gold Car precedent saying that some things can be denied subject matter jurisdiction based on Kissinger, and saying that it's about denial of records, it's about withholding of records. However, even to the extent that that is considered good precedent, which people could argue about that, that has been foreclosed since 2019 by the Supreme Court in not one but two cases, where in the first case, a case called Arbol, which I cited in my briefing, where the Supreme Court took a unanimous opinion, went and came out and said we do not favor these drive-by jurisdictional rulings. This was something that Judge Graves even mentioned in his opinion in Doe in 2019. And even later, a court of five, Thomas, Roberts, Scalia, Kennedy, and Alito spelled it out even further and said our recent case is a marked desire to curtail this drive-by jurisdictional rulings, and say they miss the critical difference between jurisdictional conditions and non-jurisdictional limitations. And going back to Arbol, the first case, the reason that I say that applies here is pretty simple, that, I apologize, I lost a piece of paper that I had written. Drive-by jurisdictional rulings should be accorded no precedential effect. And that was from 2006, when Arbol did that. So since 2006, Goldgar has been at least in tension with Supreme Court precedent. And by 2020, when Reid-Elsevier came out, the case that I just cited earlier, it was definitely in tension with it, and I believe that it should be recognized to be an artifact of a previous time when FOIA wasn't even the case, when this fee assessment provision wasn't even in the law. The law has changed, case law has changed, and we should not allow agencies to try to avoid judicial review of their actions simply by saying that the complainant or the plaintiff did not somehow craft the perfect complaint to say that records were withheld. Records were withheld. If records existed, they were withheld when they didn't search for them. If they existed, they were withheld when they refused to process his request. They were clearly withheld when they refused to process it without him paying fees. And so, and the fee one is the most interesting, because this court, way back in 1984, Chief Judge Clark wrote a case that was directly on point for whether or not a court had jurisdiction to hear challenges to fees, and said in the AIM-CATE, E-H-M, M or E-H-M, I'm not quite sure how to pronounce it, that the trial court did not rule that Amtrak could not enforce its rights to collect fees properly assessed, but that the fees at issue should be canceled as improperly assessed. And he called the agency's argument disingenuous for trying to argue otherwise. Counsel, let's assume we accept that the district court was wrong regarding subject matter jurisdiction.  Yes. Couldn't we affirm the dismissal on alternative grounds? That is generally the case in summary judgment, but this was not a summary judgment ruling. And while you could conceivably do that, I would strongly discourage you from doing that, if only for the reason that there's no admissible evidence about any of these facts. You'll notice if you look through the record that the agency did not file any declarations in the motions to dismiss, except for one two-page declaration that said, I authenticate the following correspondence. Their entire proof for saying that they did an adequate search, that the request was unreasonably described, that fees were properly assessed, was the correspondence. It was not offered under oath. It did not form any sort of admissible evidence. And in every case where post-Goldgar that I could find, where this has even come up, the agencies have filed declarations like they do everywhere else, like they do in summary judgment. They give admissible evidence and here's where we searched. Instead of giving a declaration saying here's where we searched and how, they said here's a copy of our letter that we wrote saying we didn't find anything. And that, even if you step past the admissibility of the evidence issue, you run into sort of I always hate to sort of lob accusations like this at other lawyers, especially since I do it sometimes. But it seems like this is a test case for the FAA, that they wanted to see what is the bare minimum we can get away with telling the court, where they did not file any declarations, they did not seek summary judgment, they did not do much of anything until it got to you. And once it got to y'all and I made these arguments, no longer a pro se complainant, but a lawyer, made the arguments about subject matter jurisdictions, made the arguments saying that the district court was wrong, then they come out with a litany of reasons why you should look into the adequacy of the search, why you should basically grant them summary judgment, except they never moved for summary judgment. They never offered evidence for summary judgment. And so I believe it would be procedurally improper to do anything other than remand it back to the district court and tell them, if you want to get a ruling that your search was adequate, or that this request was not reasonably described, or that the fees were not proper, or that the fees were proper, move for summary judgment like everybody else does. And with that, I don't have any more things to say off the top of my head unless you have questions for me, so I can end early, unless you have questions. Thank you, counsel. All right, thank you very much. Ms. Cherry? Good morning, and may it please the court. In this litigation under the Freedom of Information Act, the appellant was seeking to become an air traffic controller. He attended the air traffic academy. Unfortunately, he failed the test. When he failed that test, he filed 10 FOIA requests seeking information regarding other students, himself, the instructors, and the actual course materials used in the training course to become an air traffic controller. The appellant waited barely 20 days before filing suit under a theory of constructive exhaustion. At the time that the suits were filed, there were two different suits, the agency went ahead and allowed the appellant to complete the administrative process, even though some of the appeal times had actually expired. During the course of the litigation, and the administrative process, the appellant claimed over and over that the burden was on the agency to do many things that were beyond the scope of FOIA. For example, the appellant's contention from the very first suit that was filed is that the FAA was required to give a declaration and explain, in the administrative process, with its initial response in the administrative process, the adequacy of the search. Then, after the appeal had been completed, if there was an appeal, he again complained that the agency had a duty to explain the adequacy of the search during that administrative process. How do you ever find out? I mean, it seems like, let's say if an agency did intentionally withhold documents and said, we don't have any. How does someone go behind that unless the agency comes forward with declarations and said, here's the process that we undertook, we looked here, here, here, we did not find anything. How does someone meet the wall of an agency saying no documents? In this case, Your Honor, the underlying litigation included a plethora of documents that were filed by the appellant, which included all of the information that was given by the agency. The agency found that there were some cases where the requests themselves were not proper. If he wanted to get behind the curtain and find the information for those particular documents, then all he had to do was create a proper request for the agency that they could actually respond to, because the case law is very clear that the agency is not required to create documents, and that's what he was asking to do with two of those improper requests. I was just responding to your argument that the FAA was not required to come forward with any kind of declaration. Yes, Your Honor. Assuming that there were a proper request. Your Honor, I think this case turns on whether or not an individual who brings a FOIA request is able to jump over the requirement under 12b-6 and under Twombly to actually plead facts that invoke the court's jurisdiction, or whether or not the agency is always required to decide a case on summary judgment. It's our contention that there were no facts at the motion-to-dismiss stage that showed that the agency improperly withheld agency records. Do you acknowledge that we construe pro se complaints more liberally, more leniently? Absolutely, Your Honor. They should be construed leniently. However, I think that the complaints that were filed by this plaintiff, numerous complaints, did not absolve him of meeting the requirements of Iqbal and Twombly to plead facts that show that you are stating a claim before the district court that the district court can address. In a FOIA request, how does one plead facts? In other words, by definition, you're requesting information, so you don't know the facts, and there's not a relevance requirement because anyone can file a FOIA request. How does the fact analogy fit into a FOIA complaint? Your Honor, I believe that the actual appeal process that was undertaken in this case proves your very point, in that for two of these requests, one of them was the Adacel email. The appellant actually explained what it thought was missing or asked the agency to conduct another search, and the agency did, and it found more records based upon the facts that he had alleged in that administrative appeal process. Then again, in the one for the air traffic control information that he was seeking, he said, well, there was an employee who told me that there was another document called the air traffic manual, and you didn't produce that. The agency went back during the administrative appeal process, determined that the employee used the wrong name for the document that had already been produced. So I believe that there are facts in the administrative process that the appellant is required to show that would explain to the agency what did you miss and why did you miss it. In order to just assert a conclusory allegation of the search was inadequate, essentially it's trying to shift onto the agency a burden to explain in a declaration every single time in every case, either in the administrative appeal process or in federal court with no facts to support it, which I believe would violate Iqbal and Twombly and the pleading standards, even for a pro se, that every case has to be decided on summary judgment. Every case has to burden the agency to explain in a declaration every single search that it made. In this case, there were ten FOIA requests. He made the same argument about the adequacy of the search, even when the agency had not done a search, as he knew, because the requests were improper. So it was clear that the effort here was to burden the agency to provide declarations. And even when the court ordered mediation and the FOIA officials flew down from Washington to engage in that mediation, the appellant's position was, I want judicial review. Well, when the appellant finally got judicial review, the magistrate judge looked at all of the information that had been submitted by the plaintiff, all of the administrative process, and determined that this particular appellant, based upon all the facts that had been alleged and laid before the district court before you ever got to summary judgment, simply did not show that the agency improperly withheld agency records, or that he failed to meet his burden, his pleading burden, to show that any search was inadequate, that any documents had been wrongfully withheld. Therefore, the district court held that subject matter jurisdiction was lacking. I guess what I want you to tell me is how it is he would allege that a search was inadequate without knowing anything about the process whereby the search was done. He's going to allege that they should have found something, or that there must have ... What do you say? What would the allegation be that would satisfy, in your mind, Twombly and Iqbal? What would that allegation look like? Could I use a Med-Mal case as an example, Your Honor? In a Med-Mal case, when the plaintiff gives me certain documents, and I go through the medical record, and then I find that the person has not told me about, I then have to subpoena those records. The same thing is true in a FOIA request. If the agency gives him a bunch of documents in a FOIA request, which happened in the two that he's arguing about here, there was a search, documents were produced. If there's something in those documents that suggests that some other documents were in existence, which is actually what happened in the Adacel case, he said, those documents refer to other documents, and you didn't produce those. The agency went back and said, we conducted another search. We found the documents that you're looking for. So I do believe that in the administrative process, when the agency gives documents over, if the appellant finds that there's something else that should have been provided, then the appellant should raise that issue on administrative appeal. So he has to have something in order to get more. I think he has to identify some facts in the documents that he receives, correct. But at the end of the day, there were three requests that the agency did not search for documents, and they were clear as to why they didn't search for documents in those cases. As I mentioned, the appellant was asking the FAA to create documents. He even said in the request, he wants screenshots of Rick Mitchell's computer structure. Well, the agency is not required to provide that kind of information. It's not required to create documents. So there were three requests that were not actually processed and were not provided. And the actual remedy for that is for him to go through the administrative exhaustion process, make another request. The Boianchi case in the Eastern District of Louisiana, before it came to the Fifth Circuit, very clearly recognized the difficulty for the plaintiff to have to make a properly phrased request and go through that administrative process. But the Boianchi District Court said, the federal court is not an express lane. You cannot jump over the administrative exhaustion process and seek judicial review. You have to go back, make a properly phrased request, get an administrative appeal if you get a response that there are no documents, before you can come to federal court. This particular case had a lot of records. There was much information for the district court to come to the conclusion that there was no subject matter jurisdiction. But even if subject matter jurisdiction was erroneous as a basis for that decision, this court, as you have already there was failure to state a claim. Because in the appellant's third amended complaint, and this was a third amended complaint, not a first, the appellant challenged the adequacy of the search. This was regarding the Adacel emails. The appellant argued that the defendant, FAA, released five documents on appeal. The plaintiff disputes the search performed by the FAA as adequate and seeks judicial review of defendant's response. Plaintiff's reasons for dispute include those in his appeal along with others as a response to new revelations made by the response from defendant. What new revelations were made by the defendant? There is no idea in the complaint even of a factual basis to say that the search itself was inadequate when the agency had already gone back and conducted two searches and released all the documents that it had found. So the burden is not on the agency to show that the search was adequate? I think the burden is on the agency to show that the search was inadequate. If there are some facts pled in the first place that suggest that it was inadequate, there are cases that will say that vague and conclusory allegations, mere allegations of an inadequate search, are not sufficient to show that there was some inadequate search. Is it always necessary to get to summary judgment and provide a declaration to say that? Or can you say that from the complaint and you haven't survived a motion to dismiss because you don't have any facts to allege that there was an inadequate search that was performed? So if the agency simply says we have no records, you can't respond, well, your search was inadequate. That's because you don't have any basis for that. They just said we have no records. So then it's over if the agency says we have no records. Inquiry over. If that were the case in this case, that there was a no records response, then perhaps the agency would be obligated to give a declaration. But in this particular case, the two FOIA requests that were properly phrased, the agency went back and searched. And the agency searched more than once, first in the initial response and then later on in an administrative appeal. So to your point that if a FOIA requester made a search request and the agency comes back and says we have no records at all, then I don't disagree that when it got to federal court, you may have to get to the summary judgment stage. Because if the agency gave you no information to begin with, then a summary judgment with a declaration may be the only option. That just didn't occur in this particular case. And essentially, the district court dismissed for lack of subject matter jurisdiction because the appellant failed to show that the agency improperly withheld agency records. And basically the district court said the allegations were too vague. It's possible that the district court could be affirmed for either lack of subject matter jurisdiction or for failure to state a claim. Goldgar sort of suggests that the failure to state a claim occurs when you haven't alleged an improper withholding of agency records. Certainly for the two requests that were exhausted, appellants simply didn't meet the burden to show that the searches were inadequate. Those allegations were too vague to raise that question. With the other three that the agency did not actually perform a search, it may be true that the district court should be affirmed on the basis of failure to state a claim and failure to exhaust. You can't bypass the exhaustion process when you submit an improper request. And the idea that the agency refused to pay or that the appellant would not pay the fees, as explained in the district court, the timing that he had used to claim that the agency waived its right to seek fees was incorrect. The agency actually responded to him with the amount that was required to obtain that search in sufficient time because the 20 days had been told and it had not expired at the time that the agency determined that $2,500 was necessary and the appellant simply claimed that he was not willing to pay that amount. So essentially, the defendant would request that the court affirm the district court either for lack of subject matter jurisdiction, for failure to show improper withholding of records, or alternatively, for failure to state a claim and meet the requirements under Iqbal and Twombly. Thank you. Thank you, counsel. Mr. McClenahan. Your Honors, I think that government counsel's answers to the myriad of questions that this panel asked here make my case, honestly, because not to put too fine a point on it, I'm not even sure what we're arguing anymore because, as she noticed, she spent a lot of time talking about Iqbal and Twombly, which are not 12B1 cases, the 12B6 cases. She spent a lot of time talking to Judge Smith and Judge Graves, suggesting in response to both of your questions that somehow I, as a FOIA requester, have to find particularized things to object to in the adequacy of search, and should the agency have to go to summary judgment every time? Well, the answer is yes. This is the way it's done in almost every other circuit in the country. I have written a hundred FOIA complaints myself. Most of my complaints go, I filed a request. They said they found five records. I appealed the search. They upheld the search. I have rights to litigate because it is the burden of the government to prove that it performed an adequate search. And I admit that this was not briefed because I honestly didn't even think about it until she was talking. But if you uphold Goldgar and say that a plaintiff has to put particularized challenges to a search in the complaint, then you have to also go beyond every other circuit and require them to describe the search they performed at the administrative level. And that even wouldn't work if you get constructive exhaustion where you just file on day 21 because you don't know what they're doing. When you file your complaint, all you know is that it's been 21 days. The facts of this case are messy. Bad facts make bad law. This is best understood through a hypothetical FOIA request where I am filing a request with the FAA for all records about the 777. And they come back and say, we found the following six records. I don't know where they searched. I don't even know what offices handle these things. Law says that a FOIA professional familiar with the subject matter must be able to figure it out. An FAA person decided where to search. Maybe they didn't search all five components that needed to be searched. I run into this all the time. This is what I do for a living. This is the type of case that I take. Maybe they had a hyper-narrow interpretation of the request. None of that comes out until they file their motion for summary judgment with their declaration saying we searched in the following locations and this is why we searched all locations reasonably likely to contain responsive records. To flip that on its head and complain that, oh, if every agency had to do this, how horrible it would be. If my client, who admittedly, pro se client, he made a lot of arguments that were not the best about procedural irregularities. But if he had brought this case in D.C. instead of here, we wouldn't even be here. Not only would we not be in front of you, we wouldn't be in front of a circuit court. This would have been a motion for summary judgment and they would have offered a declaration and maybe we would have been fine with that. But they didn't. And they took advantage of the fact that Goldgar is this outlier in FOIA jurisprudence and that everything from it, which was based on a case where a disturbed individual was convinced that everybody in the world was spying on him telepathically and that he wanted records from the president about that. And they said, you don't have subject matter jurisdiction because there's no way these records could exist. Kissinger was about records where the records did not exist because they had been given to Henry Kissinger. They were not agency records. Those were, since I cut off early, can I conclude this thought? Those, the cases that come out of Goldgar and Goldgar itself were extreme examples of cases like the ones that I cited that no reasonable judge would conclude that records existed. It wasn't about whether or not they searched for all responsive records. It wasn't about a fee assessment. There's a dispute over the fees and the timeline. That is a question for 12b-6 or summary judgment. That is not a question for 12b-1. And because we did not brief 12b-6, which was a choice, admittedly, they did, we didn't, I believe that it would not be ideal for this Court to affirm on alternative grounds because the case here is you had a pro se complainant versus an agency who argued 12b-1 and 12b-6 through a bunch of stuff together. Okay, I think we've gotten far enough. That's all. Thank you, Your Honor.